Curia, per Frost, J.
The deed under which the defendant claimed was impeached by the plaintiff, as voluntary and fraudulent: and that was the issue between the parties.
*98 The defendant having proved, by the subscribing witness, the execution of the deed, in which the receipt of the consideration by Killian, the grantor, was acknowledged, the plaintiffs’s attorney asked the witness whether any money was paid at the time, and he said none was paid. In reply the defendant’s attorney asked what conversation the parties had respecting the consideration, at the time the deed was executed. The question was ruled to be incompetent; and the exclusion of that evidence is the subject of appeal.
It is necessary to prove a deed or any other attested instrument by the subscribing witness. The acknowledgment of the grantor is incompetent evidence, though made,* under oath, in an answer to a bill in Chancery. The rule is not confined to an issue between the immediate parties to the instrument j but is the same if the acknowledgment is offered. as evidence against a third person, and whether it is the foundation of the action, or comes in collaterally, as a part of the evidence in the cause. The reason for the rule is assigned by LeBlanc, J. in Call v. Dunning, to be, that a party who may acknowledge a bond may not know every circumstance attending the execution. A fact may be known to the subscribing witness, not within the knowledge or recollection of the obligor, and he is entitled to avail himself of all the knowledge of the subscribing witness, relative to the transaction. The knowledge of the subscribing witness, of which the obli-gor may thus claim the benefit, is not limited to facts. The witness may not see the instrument signed and sealed, and may prove it by the declarations of the parties. And so the delivery may not be by act, but by word; and whether it was absolute, or conditional, and upon wliat terms and conditions it was made, must be shewn by the declarations of the parties. In Johnson v. Baker the defendant signed a composition deed, as surety to the principal debtor, for the payment of the stipulated instalment to the creditors. The action was on the covenant, by one of the creditors, to recover the instalment payable on his debt. Evidence, by the subscribing witness, was admitted for the defendant, of a conversation at the meeting at which the deed was executed by the defendant, respecting the difficulty which might arise, unless all the creditors executed it; when it was stated that the deed should be void unless all the creditors did execute it. The evidence was held admissible, because, taking place immediately before the execution of the deed, it must be taken as part of the whole transaction. In Murray v. The Earl of Stair the action was debt on bond, proved to have .been attested, sealed and delivered, in the usual way and without any declarations to qualify the act. The subscribing witness proved, for the defendant, that before and at the time of the execution of the bond, it was agreed by the parties that it should not be deliv *99 ered to the plaintiff until he gave up two notes of the defendant which were outstanding.
From these cases it appears that the defendant may prove, by the subscribing witness, as part of the transaction, the conversation of the parties to the instrument, before or at the time of the execution, which may qualify it, or affect its validity. The rule is not limited to the special circumstances of those cases. It extends to any declarations of the parties, forming a part of the transaction, which materially affect the act done.
There is another view in which the evidence was admissible. The issue was, whether the consideration, the receipt of which was acknowledged in the deed, had in fact been paid, when the deed was executed. When, for the plaintiff, the witness answered that he saw no money paid, which prima facie falsified the receipt, it was competent for the defendant, in reply, to shew, by the admissions of the parties, that something, besides money, had been accepted in payment; or, in any other way, restore credit to the receipt.
The motion is granted.
The whole Court concurred.

Motion granted.